### ROE v. ALBAIN.

EXCHANGE OF PROPERTY—FRAUD—BAD BARGAIN—PRINCIPAL AND AGENT.

Suit to rescind contract for exchange of property was properly dismissed where there was no showing of fraudulent participation by defendants, although plaintiffs, in reliance on assurances of their own agent, made bad bargain.

Appeal from Lenawee; Rathbun (G. Arthur), J. Submitted June 3, 1931. (Docket No. 48, Calendar No. 35,668.) Decided October 5, 1931.

Bill by Julius Roe and another against Talcott C. Albain and others to rescind an exchange of real and personal property. Bill dismissed. Plaintiffs appeal. Affirmed.

*Henry I. Bourns* and *James W. Helme*, for plaintiffs.

*Baldwin & Alexander* and *Charles L. Robertson*, for defendants.

WIEST, J.   Julius Roe, aged 48, illiterate and credulous, owned a 44-acre farm in the township of Deerfield, Lenawee county, subject to a $2,000 mortgage. The farm came to him through his mother, who placed him under obligation to pay his brother and sister stated amounts. Agnes Roe, wife of Julius, could read and write, but was inexperienced in business transactions. Plaintiffs listed the farm for sale or exchange with defendant Talcott C. Albain, a real estate dealer, and expressed the desire to obtain the John Troust farm, located about three miles away, and just over the line in Monroe county. Mr. Albain, by representations, led plaintiffs to believe that no direct exchange could be made for the Troust farm, as Mr. Troust wanted to exchange for property in the city of Adrian, but, if handled by him, he could, in "four or five shifts," enable them to acquire that farm. The first "shift," engineered by Mr. Albain, was an exchange for the Holmes farm (so-called) of 80 acres, in Dover township, Lenawee county, subject to a mortgage of $3,893.82, the title to which was in defendants Bartenslager. Shortly before the "shift," defendant Albain had acquired 36 acres of land adjoining plaintiffs' 44 acres, and this was included in the deal with defendants Bartenslager, and plaintiffs, on account of this, gave a bill of sale of their farm machinery and live stock to Albain, who paid the past-due interest on the $2,000 mortgage, and satisfied the obligation of Mr. Roe to his brother. The day the exchange was made, plaintiffs listed their new farm with Albain for sale or exchange, and, with Albain, went to look at the Troust farm, were not satisfied with the Troust farm, and a short time thereafter revoked the listing of their new farm, and brought this suit to obtain rescission of the

exchange. In the circuit court the bill was dismissed.

No fraud was shown on the part of defendants Bartenslager. Mr. Albain was plaintiffs' agent and the Bartenslagers had an agent of their own. It was evidently a bad bargain for plaintiffs, brought about by childish reliance upon the assurances of their agent, but we cannot, for this reason, without some showing of fraudulent participation by the Bartenslagers, take from them their bargain.

We are constrained to affirm the decree in the circuit court, with costs against plaintiffs.

BUTZEL, C. J., and CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.